# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| VICTOR LE, on Behalf of Himself and All Others Similarly Situated<br><br>Plaintiffs,<br><br>v.<br><br>KOHL'S CORPORATION and KOHL'S DEPARTMENT STORES, INC.,<br><br>Defendants. | Case No. 2:15-cv-01171-JPS<br><br><br><br><br>Judge: J.P. Stadtmueller<br>Courtroom: 471 |

**DEFENDANTS KOHL'S CORPORATION'S AND KOHL'S DEPARTMENT STORES, INC.'S CIVIL L.R. 7(h) EXPEDITED NONDISPOSITIVE MOTION TO STAY**

Defendants Kohl's Department Stores, Inc. and Kohl's Corporation (together, "Kohl's") respectfully submit this Civil L.R. 7(h) Expedited Nondispositive Motion to Stay.

**Introduction**

California resident Victor Le alleges, on behalf of himself and a putative class of California and nationwide consumers, that Kohl's violated California law and other laws by inflating the advertised "original" or "regular" prices on goods in order to make its sale prices appear more attractive. (Complaint at ¶¶ 2, 7 [Dkt No. 1].) Kohl's, however, has reached an agreement for a class-wide settlement (the "Settlement Agreement") in *Russell, et al. v. Kohl's Department Stores, Inc.*, 5:15-cv-01143-RGK-SP (C.D. Cal., filed June 11, 2015) ("*Russell*"), a substantially related case that was filed over three months *before* this action, also on behalf of a class of California consumers. (Declaration of James F. Speyer in Support of Kohl's Motion to Stay ["Speyer Dec."] at ¶¶ 2, 6, Ex. A.) The *Russell* plaintiffs have moved for preliminary approval of the Settlement Agreement. (*Id.* at ¶ 7, Exs. B, C.)

After Kohl's reached an agreement to settle *Russell*, but before the Settlement Agreement had been presented to the court, Kohl's filed an expedited motion to stay this case in light of the settlement. (Kohl's Expedited Motion to Stay at 1 [Dkt. No. 33].) The Court denied that motion on the ground that "[w]ithout a settlement agreement on the record, this Court cannot properly evaluate what (if any) effect that proposed settlement will have on this action." (Order at 2 [Dkt. No. 37].) The Settlement Agreement, which is now on the record, will entirely resolve plaintiff's claims, and will also resolve the claims of all individuals who are members of the putative California class in this action. In these circumstances, a temporary stay is appropriate because it will reduce or eliminate the potentially needless expenditure of judicial and party resources on this case.

**Argument**

### A STAY IS APPROPRIATE TO PERMIT CONSIDERATION AND APPROVAL OF THE SETTLEMENT IN *RUSSELL* AS THE EARLIER-FILED ACTION

"[A] District Court has broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). "A stay is appropriate particularly if the resolution of litigation in another court between the same and/or related parties involves controlling issues in the case before the Court." *Jaoa Bock Transaction, Sys., LLC v. First Nat. Bank,* 2013 WL 4840240, at *2 (N.D. Ill. Sept. 10, 2013).

This case is substantially similar to *Russell*. Both are premised on the same core allegation that Kohl's advertised products at a discount off a purportedly false "regular" or "original" price. (*Compare* Speyer Dec. at ¶ 8, Ex. D at ¶ 7 *with* Complaint at ¶ 2.) Both cases are brought by California consumers who assert claims under California's consumer protection laws on behalf of putative classes of California consumers against Kohl's. (Speyer Dec. at ¶ 10; *compare id.* at ¶ 8, Ex. D at ¶¶ 79, 107-138 *with* Complaint at ¶¶ 52; 93-126.)

The Settlement Agreement will bar all of plaintiff's claims in their entirety, including his claims under Wisconsin law. Plaintiff, as a California resident whose purchases were made at a discount of at least 30% off the stated "regular" or "original" price, is a member of the Settlement Class. (Speyer Dec. at ¶ 10; Complaint at ¶¶ 42-47.) In exchange for monetary and injunctive relief, the Settlement Agreement broadly releases the claims of all Settlement Class members "of any kind arising out of or in connection with all of the claims or causes of action that were made or could have been made in this Litigation or in any other forum relating, in whole or in part, to the alleged acts, omissions, facts, matters, transactions, circumstances asserted in the Litigation, including assertions that Kohl's improperly inflated or misstated its original and/or regular prices in order to make its sale prices appear more attractive." (Speyer Dec. at ¶ 6, Ex. A at ¶ 10.1.1.)

The Settlement Agreement will also bar the claims of the California class plaintiff seeks to represent. (*Id.* at ¶ 6, Ex. A at ¶ 12.1.5.)

This matter is currently very active. Kohl's is in the process of collecting and producing documents in response to plaintiff's document requests, and the meet and confer process is still ongoing as to discovery requests plaintiff served recently. (Speyer Dec. at ¶ 9.) Plaintiff is taking two depositions in March and has noticed four more, while Kohl's is set to depose plaintiff and his wife, a percipient witness, in early April. (*Id.* at ¶ 9.) Plaintiff intends to move for class certification, and Kohl's intends to move for summary judgment. (*Id.*) Expert discovery is also looming. (*Id.*)

Where a proposed settlement in an earlier-filed action will fully resolve plaintiff's claims, a temporary stay is appropriate to avoid the burden and expense of having to litigate claims that would be extinguished by the Settlement. *See Moore v. Morgan Stanley & Co.*, 2007 WL 4354987, at *3 (N.D. Ill. Dec. 6, 2007) (even where settlement does not eliminate all claims, where it will have a "material impact" on the case a stay would "avoid expensive and duplicative litigation of virtually the same claims in two federal courts"); *In re RC2 Corp. Toy Lead Paint Prods. Liab. Litig.*, 2008 WL 548772, at *5 (N.D. Ill. Feb. 20, 2008) (staying litigation because settlement in a related action "will have a substantial effect on some or all of Plaintiffs' claims"). Kohl's accordingly respectfully requests that this Court stay this matter pending approval of the settlement in *Russell*. If the Court so desires, Kohl's can provide it with periodic updates regarding the status of the settlement approval process.

Dated: March 25, 2016.  Respectfully submitted,

<u>s/ James F. Speyer</u>
James F. Speyer
Alex Beroukhim
ARNOLD & PORTER LLP
777 S Figueroa St - 44th Floor
Los Angeles, CA 90017
Telephone: 213.243.4000
Facsimile: 213.243.4199
james.speyer@aporter.com
alex.beroukhim@aporter.com

John Kirtley
GODFREY & KAHN S.C.
780 North Water Street
Milwaukee, WI 53202-3590
Telephone: 414.273.3500
Facsimile: 414.273.5198
jkirtley@gklaw.com

*Counsel for Kohl's Corporation and Kohl's Department Stores, Inc.*

35855775